This document was signed electronically on October 17, 2018, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: October 17, 2018



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Case No. 15-52240 |
| SOBHI RADY, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | Judge Alan M. Koschik |
| ) | |

## MEMORANDUM DECISION ON
## MOTION FOR LEAVE TO FILE LATE PROOFS OF CLAIM

Before the court is the Motion for Leave to File Late Proofs of Claims (Docket No. 68) (the "Motion") filed by Salem Alemaishat and Salama Alemaishat (the "Movants"), two creditors of debtor-respondent Sobhi Rady (the "Debtor"). The Movants ask the Court for leave to file late proofs of claim to allow them to participate in the Debtor's Chapter 13 repayment plan. For the reasons set forth herein, the Motion will be denied.

## JURISDICTION AND VENUE

This Court has jurisdiction to enter a final judgment in this contested matter pursuant to 28 U.S.C. § 1334 and General Order No. 2012-7 entered by the United States District Court for the Norther District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue in this district is proper pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

The material facts in this case are not disputed.

### Rady I

The Debtor filed his first voluntary Chapter 13 bankruptcy petition on October 22, 2013: *In re Rady*, No 13-53061 (Bankr. N.D. Ohio) (hereinafter "*Rady I*"). On Schedule F of her petition in Rady I, the Debtor listed the Movants as creditors. (*Rady I*, Docket No. 1, at 21.) Neither of the Movants' claims was listed as contingent, unliquidated, or disputed. *Id.* The Debtor listed the Movants' address as 80 Stanton Avenue, Youngstown, OH 44512. *Id.* The Movants were served notice of the meeting of creditors at this address on or about November 4, 2013. (*Rady I*, Docket No. 10.)

On April 25, 2014, the Debtor filed objections to the Movants' claims in *Rady I*. (*Rady I*, Docket Nos. 47 and 48.)

On April 30, 2014, the chapter 13 trustee (the "Trustee") filed a motion to dismiss *Rady I* for failure to make plan payments (Docket No. 49) (the "Motion to Dismiss").

On May 8, 2014, Attorney Marc Gertz, an attorney employed by Goldman & Rosen, Ltd. ("Goldman & Rosen"), filed notices of appearance and requests for notice on the Movants' behalf. (*Rady I*, Docket Nos. 56 and 57.) In those notices, Mr. Gertz requested that "all future notices in this case" be issued to Goldman & Rosen at 11 South Forge Street, Akron, OH, 44304.

2

*Id*. After taking over their representation, Mr. Gertz filed responses to the Debtor's objections to the Movants' claims. (*Rady I*, Docket Nos. 58 and 59.) A hearing on the objections and responses was scheduled to take place on September 11, 2014. However, on September 9, 2014, the Debtor withdrew his initial objections to the Movants' claims (*Rady I*, Docket Nos. 68 and 69.) Therefore, the hearing was not held.

On September 10, 2014, the Debtor filed amended objections to the Movants' claims, notice of which was served on Attorney Gertz. (*Rady I*, Docket Nos. 72 and 73.)

On April 21, 2015, the Trustee filed an amended motion to dismiss, also for failure to make plan payments (Docket No. 79) (the "Amended Motion to Dismiss"). On April 22, 2015, the Debtor filed a response to the Amended Motion to Dismiss (*Rady I*, Docket No. 80), and the matter was continued several times over the subsequent months. On September 1, 2015, the Debtor filed a statement of no opposition to the Amended Motion to Dismiss. (*Rady I*, Docket No. 81.) The Court granted the Amended Motion to Dismiss on September 14, 2015 (*Rady I*, Docket No. 82). The Court, via the Bankruptcy Noticing Center ("BNC"), served notice of the dismissal to both Mr. Gertz and the Movants' home address on September 16, 2015. (*Rady I*, Docket No. 84.)

### Rady II (This Case)

On September 16, 2015, two days after the Court entered its order dismissing *Rady I*, and on the same day the BNC served notice of that order, the Debtor filed another Chapter 13 bankruptcy petition, commencing this bankruptcy case. The Debtor again listed the Movants as unsecured creditors on Schedule F, but now listed their addresses in the care of Mr. Gertz at Goldman & Rosen's address. (Docket No. 1 at 19.) Notice of the Meeting of Creditors was sent to Mr. Gertz on or about September 24, 2015. (Docket No. 8.) Nothing was mailed to the

3

Movants at their residential addresses.  *See id.*  The claims bar date was set for January 27, 2016.  *Id.*  Neither the Movants nor Mr. Gertz filed notice of appearances, proofs of claim, or any other documents prior to the Motion.

On July 28, 2016, six months after the bar date, the Movants filed the Motion, seeking a 30-day period in which to file proofs of claim.  (Docket No. 68 at 2.)  The Motion referenced the Movants' absence from the country "from mid-2015 until late Spring 2016" as the reason that they did not receive notice and, therefore, did not timely file their proofs of claims.  (Docket No. 68 at 1.)  The Debtor filed a response objecting to the Motion and requesting a hearing.  (Docket No. 70.)  The Debtor also alleged that the Movants were provided with "legal notice" and expressed doubt that the Movants were out of the country for the entire period claimed.  *Id.*  The Court held a preliminary hearing on the Motion on September 8, 2016.  At the hearing, the Court held that the matter could not be decided on the papers alone and therefore set a discovery deadline for October 31, 2016, and scheduled an evidentiary hearing for November 21, 2016.  (Docket No. 73.)

The Court held a hearing on November 21, 2016, but ultimately took no evidence at that hearing.  The parties agreed that the factual issues were no longer in dispute at that point, made several stipulations of fact on the record, stipulated to the admission of certain exhibits, and requested a briefing schedule.  On November 22, 2016, the Court entered a further scheduling order requesting that the parties supplement their filings with briefs focusing on the issue of whether notice served on Mr. Gertz sufficed as notice to the Movants of the commencement of this bankruptcy case.  (Docket No. 85.)  The Movants submitted their brief in support of their Motion (Docket No. 89) on December, 29, 2016, the Debtor submitted his brief in opposition (Docket No. 94) on January 30, 2017, and the Movants filed a reply to the Debtor's brief in

4

opposition (Docket No. 95) on February 14, 2017. On February 24, 2017, the Debtor filed a motion to file brief instanter (Docket No. 96) seeking leave to file a surreply brief. The Court granted the Debtor's motion (Docket No. 97), and the Debtor filed his surreply brief (Docket No. 98) on March 19, 2017.

## LEGAL ANALYSIS

Based on the undisputed factual and procedural history set forth above, the Court concludes that the notice provided to Mr. Gertz was legally sufficient, under applicable constitutional and Sixth Circuit law, to put the Movants on notice of the commencement of the Debtor's bankruptcy proceedings.

Furthermore, under Federal Rule of Bankruptcy Procedure 9006(b)(3), a creditor cannot move under Rule 9006(b)(1) to extend the claims bar date on the basis of excusable neglect; the court may allow late claims only to the extent and under the conditions stated in Rule 3002(c), none of which apply here. The Court therefore does not have the discretion to consider whether the Motion should be granted on the basis of the Movants' (or their attorneys') excusable neglect.

Therefore, the Movants' motion will be denied.

I. **Whether Notice of the Commencement of a Bankruptcy Case Served Only on a Creditor's Attorney is Sufficient Turns on the "Nexus" Between the Attorney's Prior Representation of the Creditor and the Creditor's Claim in the Bankruptcy Case.**

Although bankruptcy proceedings are primarily governed by the Bankruptcy Code, they nevertheless remain subject to the requirements of due process under the Fifth Amendment to the United States Constitution. *In re San Miguel Sandoval*, 327 B.R. 493, 506 (1st Cir. B.A.P. 2005) (citing *Aboody v. U.S. (In re Aboody)*, 223 B.R. 36, 40 (1st Cir. B.A.P. 1998)). The Bankruptcy Code requires service of notice of the commencement of bankruptcy proceedings "as is

appropriate." 11 U.S.C. 342(a).  Due process requires that notice, including notice of a bankruptcy case, must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 304, 314, 70 S. Ct. 629, 94 L. Ed. 839 (1950).

However, neither constitutional due process nor Section 342 of the Bankruptcy Code mandate one method of service of notice over another, nor the best possible notice. *See In re Herman*, 737 F.3d 449, 454 (7th Cir. 2013) (citing *In re Schicke*, 290 B.R. 792, 803 (B.A.P. 10th Cir. 2003)) ("proper notice does not need to be the 'best' possible notice . . . .").  Due process and Section 342 simply require that notice be reasonably calculated, under all the circumstances, to apprise creditors of the commencement of the case.  *See Schicke,* 290 B.R. at 803 ("Section 342(a) only requires notice that is 'appropriate', and due process mandates notice 'reasonably calculated' to apprise creditors of a case.").  Furthermore, the adequacy of notice for the purposes of due process considerations is judged from the perspective of the sender.  *Lampe v. Kash*, 735 F.3d 942, 944 (6th Cir. 2013).  Therefore, because it is undisputed that the Movants were not served at their home address but only in care of Mr. Gertz at his law firm's address, the ultimate question in this case is whether the Debtor reasonably believed that service on Mr. Gertz was reasonably calculated to apprise the Movants of the commencement of his second bankruptcy case.

The question of whether service of notice on presumed counsel is constitutionally sufficient has not been directly addressed in the Sixth Circuit, though in *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 457 (6th Cir. 1982), the court held that "[t]he general rule is that notice to or knowledge of an agent may be imputed to the principal in certain situations. . . . The

general rule for imputing an agent's notice or knowledge is applicable in bankruptcy cases." *Id.* at 457.

Other circuits more specifically considering whether notice to an attorney who represented a client in prepetition matter is sufficient to notify that client of the commencement of a bankruptcy case have held that the test is whether a nexus exists between a creditor's retention of the attorney upon whom notice was served and the creditor's issues with the debtor. *In re Herman*, 737 F.3d 449, 454 (7th Cir. 2013) (quoting *In re Najjar*, No. 06-10895, 2007 WL 1395399, at 4* (Bankr. S.D.N.Y. 2007)) ("To determine whether … notice … can be imputed … there must be a sufficient '*nexus* between the creditor's retention of an attorney and the creditor's claim against the debtor.'") (emphasis in original); *Sandoval*, 327 B.R. at 508 (". . . [T]he overwhelming weight of authority is that, in bankruptcy cases, notice served on a creditor's counsel is presumed to satisfy . . . notice requirements . . . so long as there is a nexus between the creditor's retention of the attorney and the creditor's claim against the debtor."); *Schicke*, 290 B.R. at 803 (". . . [I]t is important that there be some nexus between the creditor's retention of the attorney and the creditor's issues with the debtor.").

The nexus inquiry turns on the particular facts and circumstances of the case. However, even the passage of years is not inherently sufficient to rule out finding a sufficient nexus. For example, in *Schicke*, the court found a sufficient nexus when a creditor retained an attorney to represent them in a fraud action against the debtor in 1981, that action reached judgment in 1984, the last activity in the case was in 1991, and the debtor filed his bankruptcy petition in 1996. *Id.* at 805-06. Between the entry of judgment in 1984 and the bankruptcy filing in 1996, the creditor had no contact with the debtor and underwent two name changes. *Id.* at 805. A new attorney even appeared for the creditor in that fraud action in 1989, but the attorney who primarily

7

represented the creditor in the fraud action prior to 1989 also filed the last activity in that case, in 1991. Therefore, the court found that a sufficient nexus existed between the creditor's retention of the attorney and their issues with the debtor such that service on the attorney, despite the passage of significant time, was reasonable under the circumstances and satisfied due process and Bankruptcy Code requirements. *Id.* at 806.

In *Herman,* the Seventh Circuit held that a sufficient nexus existed between the creditor and his attorney where the attorney represented the creditor in a dispute with the debtor that began in 2005 and was ultimately dismissed in 2010, weeks before the debtor filed for bankruptcy. 737 F.3d at 454. The dispute was dismissed without prejudice and the record in that case showed that the attorney and the creditor were actively considering whether to refile the case when the debtor filed his chapter 7 bankruptcy petition. *Id.* at 454–55. The court held that, in these circumstances, notice served on the creditor's attorney in the dismissed case was appropriately imputed to the creditor because a sufficient nexus existed. *Id.* at 455.

**II.    A Sufficient Nexus Exists Between Mr. Gertz and the Creditors' Claim Against the Debtor that Notice to Mr. Gertz Was Sufficient as Notice to the Creditors.**

While the fact-intensive analysis of the "nexus" between a creditor's retention of an attorney and a creditor's claim against a debtor in bankruptcy may be difficult and will frequently involve close calls, this is not one of those times. This is not a case in which the attorney represented the creditor in a state or nonbankruptcy action against the debtor years prior to the bankruptcy filing. Nor did the attorney represent the creditor in a prior matter that could be characterized as unrelated or merely tangential to his client's bankruptcy claims. Mr. Gertz represented the Movants in the previous bankruptcy case of the *same debtor*, in the *same bankruptcy court*, that had been dismissed *only two days earlier*. While Mr. Gertz received ECF notice of that dismissal, the Court's BNC service of the dismissal was only mailed on September

8

16, 2015, the same date the Debtor filed his second petition. The nexus between these two bankruptcy cases is far closer than the nonbankruptcy actions were to the respective bankruptcy cases in *Herman* and *Schicke*.

The Movants argue that Mr. Gertz' representation of them in *Rady I* terminated on September 1, 2015 (Docket No. 95 at 6), when the notice of no opposition to dismissal was filed. However, Mr. Gertz did not withdraw as counsel in *Rady I*. At the time of the dismissal of the previous case, the Debtor's objections to the Movants' claims had not been resolved and no hearing had been held related to them. The Debtor did not allege any concrete fact or proffer any testimony suggesting that Mr. Gertz or the Movants had notified the Debtor and his counsel that Mr. Gertz's representation had terminated.

The cases discussed above, cited by the Debtor and ineffectively distinguished by the Movants, found sufficient nexuses even when the connection between the prior representation and the bankruptcy case in question was considerably more remote than it is here. *See Herman*, 737 F.3d at 454; *Schicke*, 290 B.R. 792; *see also In re Linzer*, 264 B.R. 243, 249 (finding a sufficient nexus where the creditor's non-bankruptcy attorney represented the creditor in prosecuting a claim against the debtor that was ongoing at the time of the debtor's bankruptcy petition filing). The connection between Mr. Gertz' prior representation of the Movants and this bankruptcy case is much more immediate, and clearly justifies finding a nexus between the Movants' retention of Mr. Gertz and their issues with the Debtor in this case.

Indeed, the Court finds it difficult to imagine a closer nexus than exists in this case. The same debtor filed a petition under the same chapter of the Bankruptcy Code in the same week that his first case was dismissed. The Debtor listed substantially the same creditors, including the Movants, with substantially the same claims. (*Compare Rady I*, Docket No. 1, *with* Docket

9

No. 1.) The Court recognizes the changes made to the Movants' claims in terms of amount, but these changes are irrelevant to the reasonableness of the Debtor's belief that the same attorney would be representing the Movants in what is, in many respects, simply a restart of the original case. The Movants retained Mr. Gertz to represent them in the Debtor's first bankruptcy. The Movants' claims in the first bankruptcy are the same claims as in the second. Therefore, a nexus exists between the Movants' retention of Mr. Gertz to represent them in the first bankruptcy and their claims against the Debtor in the second.

In their reply, the Movants invoke *Lampe v. Kash*, 735 F.3d 942 (6th Cir. 2013), which held that "notice to counsel who stopped representing the party eight years earlier" was "a road too long" for the Due Process Clause and *Mullane*. *Lampe* at 943. The Sixth Circuit further noticed that the cessation of representation was not "secret" in the sense that "the representation ended because the case ended." *Id.* at 945. The Movants argued in their reply that Goldman & Rosen's representation of them ended because the *Rady I* case ended (Docket No. 95 at 2 and 6), and that the passage of time in *Lampe* was essentially irrelevant to the analysis, *i.e.,* that it did not matter whether a former client has been a former client for two days or two decades, only that the representation has concluded.

The Debtor moved to file a surreply brief in order to argue the fact that there was no stipulation regarding when Goldman & Rosen's representation of the Movants terminated. The Court granted the Debtor's motion and allowed the Debtor to file the proposed surreply (Docket No. 101). The Court agrees that there has been no stipulation regarding whether or when Goldman & Rosen's representation of the Movants ended and no timely allegation of that fact was made, let alone any supporting evidence proffered.

10

15-52240-amk    Doc 121    FILED 10/17/18    ENTERED 10/17/18 14:17:51    Page 10 of 14

However, in addition, the Court does not agree with the Movants' minimization of the passage of time in *Lampe*. "The Constitution … judges the adequacy of notice from the perspective of the sender, not the recipient." *Id.* at 944. *Lampe* also noted that "[i]f a person in [the debtor's] position would have reasonably believed that [the creditor's former counsel] still represented [the creditor] at the time of the bankruptcy, this case might come out the other way." *Id.* at 945. Thus, the Sixth Circuit left open the possibility that service on former counsel may be appropriate if other circumstances indicate it was reasonable for the notice-sender to believe that such former counsel still represented the intended notice-recipient. The passage of time certainly influences that determination of reasonableness. The Court believes that this case presents just such a situation, considering the short time between the dismissal of the first case and the filing of the second, the Debtor's unresolved objections to the Movants' claims, and the similarity between the cases.

The Movants stress in their reply that the Notices of Appearance Mr. Gertz filed in *Rady I* requested that "all papers *in that bankruptcy case* be served upon him at 11 South Forge Street, Akron, Ohio" (Docket No. 95 at 2) (emphasis in original). However, the Court does not find that this standard language would indicate to a reasonable debtor, or to anyone else, that Mr. Gertz' representation would automatically terminate at the conclusion of the first bankruptcy case, particularly if that case "concluded" only in the sense of being dismissed and almost immediately refiled.[1]

---

[1] The Court's ruling is not intended to suggest that service on a creditor's counsel from another bankruptcy case, even one ending only days before, represents the best practice expected in this Court. It is not. To the contrary, all parties would be well-advised to serve other parties directly unless and until an attorney makes an appearance on their behalf in the case at issue. Relying on a court's finding of a sufficient nexus so as to determine that service on counsel is appropriate under Section 342 and adequate under the Due Process Clause is a risky business.

In summary, the Court finds that, because of the similarity between the first and second bankruptcy petition filings, the short time between the dismissal of the first and the filing of the second case, and the pendency of the Debtor's objections to the Movants' claims in the first case, the nexus between the Movants' retention of Mr. Gertz in the first case and the Movants' issues with the Debtor in the second is sufficient that it was reasonable for the Debtor to believe that notice sent to Mr. Gertz would inform the Movants of the filing of his bankruptcy petition. The Movants, therefore, received notice sufficient under both due process considerations and the Bankruptcy Code.

### III. The "Excusable Neglect" Standard of Federal Rule of Bankruptcy Procedure 9006(b)(1) is Inapplicable to Extensions of Time to File Proofs of Claim in Chapter 7 and 13 Cases.

The Movants also argue that even if they received sufficient notice, their failure to file timely proofs of claims was due to "excusable neglect" and that the Court may, therefore, invoke Federal Rule of Bankruptcy Procedure 9006(b)(1) to enlarge the time in which proofs of claims may be filed. That rule provides, in relevant part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

*Id.*

However, Rule 9006(b)(1) is inapplicable to motions by creditors for extensions of the claims bar date cases under chapters 7 and 13 of the Bankruptcy Code. *See Pioneer Inv. Services. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 389, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (citing *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1432 (9th Cir. 1990) ("The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter

12

11 cases but not in Chapter 7 cases."). The Supreme Court held that Rule 9006(b)(3) excepted from the excusable neglect standard actions governed by the standards under Rule 3002(c). *Id.* at 389 n.4. Rule 3002(c) governs time for creditors filing proofs of claim in chapter 7 cases, chapter 12 cases, and chapter 13 cases. Fed. R. Bankr. P. 3002(c).[2] Therefore, the Rule 9006(b)(3) equally excludes cases under chapter 13 as it does cases under chapter 7. *See Pioneer*, 507 U.S. at 389 n.4.

Therefore, the Court lacks discretion to allow late-filed proof of claim by creditors pursuant to the excusable neglect standard Rule 9006(b)(1).

## CONCLUSION

The Court finds that the Debtor's notice to the Movants of the commencement of this bankruptcy case was sufficient under the Due Process Clause and Section 342 of the Bankruptcy Code. A sufficient nexus exists between the Movants' retention of Mr. Gertz for the Debtor's first bankruptcy filing and the Movants' claims against the Debtor in the second. Due to the short time between the dismissal of the first case and the filing of the second, the similarity between the two cases, and the Debtor's unresolved objections to the Movants' claims in the first case, it was reasonable for the Debtor to believe that serving notice on Mr. Gertz would inform the Movants of the second bankruptcy filing.

Furthermore, the Court finds that it lacks discretion to allow a creditor to file a late proof of claim in a chapter 13 case pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1). Rule 3002(c) establishes the exclusive grounds for allowing claims to be filed by a creditor after the bar date in a chapter 13 case.

---

[2] By contrast, Rule 9006(b)(3) does not except Rule 3003 (governing filing of claims in chapter 9 and chapter 11 cases) or 3004 (governing filing of claims by debtors or trustees when creditors do not timely do so) from its operation.

13

The Court will enter a separate form of judgment denying the Motion, consistent with this Memorandum Decision. The Court's Order denying the Motion will not be deemed entered until the separate form of Order has been docketed by the Clerk.

# # #